UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK, *et al.*,

    Plaintiffs,

v.

DANA NESSEL, *et al.*,

    Defendants.
_____/

CASE NO. 1:19-CV-286

HON. ROBERT J. JONKER

## **ORDER**

By Opinion and Order dated September 26, 2019, this Court entered a preliminary injunction preventing the State Defendants from taking action against St. Vincent based on St. Vincent's religious beliefs and practices, and ensuring that the federal Defendant did not take action against the State because of it. The Court found that strict scrutiny applied to the case after analyzing "the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous statements made by members of the decisionmaking body," as discussed by the Supreme Court in *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993). The Court now denies the State Defendants' motion for stay because the State has offered nothing new and has failed to come to grips with the factual basis on the preliminary injunction record that supports the inference of religious targeting in this case.

The factors the Court must consider on a motion for stay are exactly the same factors the Court had to consider in deciding whether to grant a preliminary injunction in the first place. *See, e.g., Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). The

Court will not repeat its original analysis here, but will respectfully refer the reader to the Court's original Opinion, which the Court incorporates here. The same reasons that led the Court to enter the original preliminary injunction lead it to deny the motion for stay. The Court will only add comments about three matters that the State Defendants highlight in the wake of this Court's targeting conclusion.

First, the State Defendants suggest that the Court harbors personal animosity toward Attorney General Nessel, or her views. *See, e.g.* State Brief in Support of Motion for Stay, ECF No. 73 at PageID.2546. This is not true, and there is nothing in the record to support it. The Court cited and relied upon public statements the Attorney General made before and after she became Attorney General as part of the targeting analysis. Those statements were part of the overall *Lukumi* mix of information that supports the religious targeting inference. In particular, these public statements helped explain why the State abruptly changed its public litigation position from defending St. Vincent to opposing St. Vincent after the Attorney General took office. The Attorney General does not deny the statements or challenge the historical record of the State's change of position. The Court has articulated why it believes the inference supports religious targeting and corresponding strict scrutiny. But nothing in the Court's analysis suggests personal animosity toward the Attorney General or her views.

Second, the State Defendants suggest that the public statements of the Attorney General are not fair game for weighing in the *Lukumi* analysis because *Trump v. Hawaii* precludes it. But *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), does not categorically preclude consideration of the public statements that officeholders make on their way to winning an election. To the contrary, even though the Supreme Court was unsure the national security matter was properly subject to judicial review at all, *Trump*, 138 S. Ct. at 2407, the Supreme Court considered the campaign

2

statements of President Trump in the course of its Establishment Clause analysis. *Id.* at 2417-18. The Court ultimately concluded those statements were insufficient to support a preliminary injunction against the Presidential Proclamation at issue; it did not categorically preclude consideration of them. *Id.* at 2417-23. Moreover, when it comes to assessing potential religious targeting in a Free Exercise case, *Lukumi* puts no artificial limits on the factors a Court may consider. *See also Masterpiece Cakeshop v. Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018).

Finally, the State Defendants suggest that the Court must, at a minimum, modify the terms of the preliminary injunction. The original argument cites no authority for this and simply asserts the proposition in single paragraph. ECF No. 73 at PageID.2561. In seeking leave to file a Reply Brief (ECF No. 81), the State Defendants amplify their position somewhat but in so doing change the focus from the Court's goal of preserving the status quo during the litigation of this case, to anticipating contractual interpretation issues that may remain a part of the case going forward. There is no need for a reply brief on the motion to stay, and so the Court **DENIES** the State's motion for leave to file one. The Court's preliminary injunction ensures that the contracting parties continue operating during the pendency of this case as they have since at least 2015, and that no action is taken against St. Vincent in the meantime based on its religious beliefs and practices, or against the State for honoring the terms of the preliminary injunction.

Accordingly, the motion for stay (ECF No. 72) is **DENIED**.

Dated:    October 22, 2019             /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          CHIEF UNITED STATES DISTRICT JUDGE