UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA BUCK; CHAD BUCK; and SHAMBER FLORE; ST. VINCENT CATHOLIC CHARITIES, <br><br>      Plaintiffs, <br><br> v. <br><br> ROBERT GORDON, in his official capacity as the Director of the Michigan Department of Health and Human Services; HERMAN MCCALL, in his capacity as the Executive Director of the Michigan Children's Services Agency; DANA NESSEL, in her official capacity as Michigan Attorney General; ALEX AZAR, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br>      Defendants. | No. 1:19-cv-00286 <br><br> HON. ROBERT J. JONKER <br><br> MAG. PHILLIP J. GREEN <br><br> **STATE DEFENDANTS' MOTION TO REQUEST CERTIFICATION TO THE MICHIGAN SUPREME COURT** |

**\* EXPEDITED CONSIDERATION REQUESTED \***

**STATE DEFENDANTS' MOTION TO REQUEST CERTIFICATION TO THE MICHIGAN SUPREME COURT**

Defendants Michigan Department of Health and Human Services

("Department" or "MDHHS")  Director Robert Gordon, MDHHS Children's Services

Agency Executive Director Joo Yeun Chang,[1] and Michigan Attorney General Dana

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, this motion reflects the substitution of Children's Services Agency Executive Director Joo Yeun Chang for former Children's Services Agency Executive Director Herman McCall, who was named in his official capacity.

Nessel (collectively, "State Defendants"), through counsel, request that this Court certify to the Michigan Supreme Court the question of the proper interpretation of 2015 Public Act 53, codified as Michigan Compiled Laws § 722.124e and § 722.124f (the "2015 Michigan law"), particularly:

> Whether the 2015 Michigan law authorizes a child placing agency (CPA) under contract with the State to provide foster care case management or adoption services, to refuse to provide state-supervised children with contracted services that conflict with the CPA's sincerely held religious beliefs.

State Defendants say in support:

1.  Plaintiff St. Vincent Catholic Charities (St. Vincent) filed a complaint seeking a declaration that adverse action by State Defendants against St. Vincent for refusing to provide state-supervised children in the agency's care with state-contracted services that conflict with the agency's religious beliefs, violates St. Vincent's rights under the First and Fourteenth Amendments to the United States Constitution.  (Doc. 1, Compl., PageID.51)

2.  Although St. Vincent did not specifically plead a state-law count, its filings, including its Complaint and Motion for Preliminary Injunction, repeatedly allege that the 2015 Michigan law authorizes the CPA to withhold state-contracted services from state-supervised children in its care when such services conflict with the CPA's sincerely held religious beliefs.  (Doc. 1, PageID.23–24, 30, 37–39, 45; Doc. 6, Mot. for Prelim. Inj., PageID. 186, 192–193, 195–196, 213, 235.)

2

3.     During the Rule 16 Conference, this Court stated, "I don't have jurisdiction to tell a state official to comply with state law, that's not the federal court's role…." (Doc. 51, Tr. of Rule 16 Conf., PageID.1843.)  It then asked both parties to consider the effect on this case "if through certification to the Michigan Supreme Court or [if] otherwise Michigan authoritatively said, 'State law protects you, plaintiffs.' " (*Id*. at PageID.1843–1844.)

4.     In response, St. Vincent acknowledged that it "would certainly be a great benefit" and that it "would need to consider what impact this would have on this case." (*Id*. at PageID.1844.)  State Defendants cautioned that St. Vincent "misunderstand[s] and mischaracterize[s]" the 2015 Michigan law because "the state statute] at issue []is very clear that the definition of services under those statutes does not include [state-contracted] foster care case management or adoption services[.]" (Doc 51, PageID.1844.)

5.     For purposes of St. Vincent's Motion for Preliminary Injunction, this Court seemed to interpret the 2015 Michigan law as authorizing state-contracted CPAs, such as St. Vincent, to refuse to provide state-supervised children in the CPA's care with contracted services that conflict with its sincerely held religious beliefs.  (Doc. 69, Op. Granting Mot. for Prelim. Inj., PageID. 2518.)

6.     Indeed, this Court held that any interpretation that would prohibit a CPA from invoking its sincerely held religious beliefs as a basis for refusing to provide state-contracted services "is at odds … with the 2015 law." (Doc. 69, PageID.2518.)

7.    This Court also reasoned that prohibiting St. Vincent from invoking its
religious beliefs to withhold contracted services from state-supervised
children in care "flouts the letter and stated intention of the Michigan
Legislature in 2015 PA 53." (Doc. 69, PageID.2519.)

8.    This Court interpreted the 2015 Michigan law in the first instance, and its
interpretation factored heavily into its analysis of the merits of the case.
(Doc. 69, PageID.2499, 2518–2519, 2529.

9.    Although St. Vincent does not allege a state law claim, the 2015 Michigan
law's interpretation is a foundational legal issue in this case. The state
statute involves a critically important issue involving children in the state's
care. These children need foster care and adoption services that private
CPAs can provide only by contracting with the State.

10.   Because no state court has interpreted the 2015 Michigan law, it is important
for the Michigan Supreme Court to have an opportunity to do so now,
particularly because this affects state contracts administered by a state
agency responsible for the care and supervision of children needing foster
care case management and adoption services. If any case presents a suitable
issue for certification, it is this case involving this state statute.

11.   This Court has discretion to certify this important question of state law
interpretation. The Local Rules for the Western District of Michigan provide
for certification as follows:

> Upon motion or after a hearing ordered by the judge sua sponte, the
> court may certify an issue for decision to the highest court of the state

whose law governs any issue, claim or defense in the case. An order of certification shall be accompanied by written findings that: (a) the issue certified is an unsettled issue of state law; (b) the issue certified will likely affect the outcome of the federal suit; and (c) certification of the issue will not cause undue delay or prejudice. [W.D. Mich. LCivR 83.1]

12.   This Court should exercise its discretion to certify here because the interpretation of the 2015 Michigan law is at the heart of this case and has not yet been considered by the State's highest court, leaving this Court to predict how the Michigan Supreme Court would decide an important state issue of first impression. Therefore, the need for an authoritative interpretation of the 2015 Michigan law cannot be avoided. And the Michigan Supreme Court is the appropriate court to undertake that review.

13.   Moreover, the Michigan Supreme Court's resolution of the certified question could be dispositive here. For example, if the Michigan Supreme Court agrees with the statutory interpretation proposed by St. Vincent and adopted by this Court, it may obviate the need for this Court to address St. Vincent's constitutional claims and resolve the case.

14.   As explained more fully in the brief in support of this motion, a proper interpretation of the 2015 Michigan law could avoid or narrow the issues going forward, as this Court and the parties discussed during the Rule 16 Conference. Furthermore, certification also will not cause undue delay or prejudice, as the preliminary injunction entered by the Court will remain in effect.

WHEREFORE, for the reasons stated in this motion and the concurrently filed brief, State Defendants respectfully request that this Court certify to the Michigan Supreme Court the question of the proper interpretation of the 2015 Public Act 53, Michigan Compiled Laws § 722.124e and § 722.124f .

Respectfully submitted,

Dana Nessel
Attorney General

Dated:  January 6, 2020

/s/ *Toni L. Harris*
Toni L. Harris (P63111)
Attorney for State Defendants
Michigan Department of
 Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
HarrisT19@michigan.gov