UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK; CHAD BUCK; and
SHAMBER FLORE; ST. VINCENT
CATHOLIC CHARITIES,

       Plaintiffs,

v.

ROBERT GORDON, in his official capacity as
the Director of the Michigan Department of
Health and Human Services; HERMAN
MCCALL, in his official capacity as the
Executive Director of the Michigan Children's
Services Agency; DANA NESSEL, in her
official capacity as Michigan Attorney General;
ALEX AZAR, in his official capacity as
Secretary of Health and Human Services;
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

       Defendants.

No. 1:19-cv-00286

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**BRIEF IN SUPPORT OF
STATE DEFENDANTS'
MOTION TO REQUEST
CERTIFICATION TO THE
MICHIGAN SUPREME
COURT**

**\*EXPEDITED
CONSIDERATION
REQUESTED\***

Lori H. Windham
Attorney for Plaintiffs
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Ste. 700
Washington, DC 20036
(202) 955-0095
lwindham@becketlaw.org

Christopher Alan Bates
Attorney for Defendants Alex Azar
  and United States Department of Health
and Human Services
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-3307
christopher.a.bates@usdoj.gov

Toni L. Harris (P63111)
Precious S. Boone (P81631)
Elizabeth Husa Briggs (P73907)
Attorneys for State Defendants
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
HarrisT19@michigan.gov

_____/

**\*EXPEDITED CONSIDERATION REQUESTED\***

**BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO REQUEST
CERTIFICATION TO THE MICHIGAN SUPREME COURT**

Dana Nessel
Attorney General

Toni L. Harris (P63111)
Attorney for State Defendants
P. O. Box 30758
Lansing, Michigan 48909
(517) 335-7603
harrist19@michigan.gov

Dated:  January 6, 2020

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents.................................................................................................i

Concise Statement of Issues Presented ........................................................iv

Introduction ....................................................................................................... 1

Argument ........................................................................................................... 3

I.    An authoritative decision on the interpretation of the 2015 Michigan law by Michigan's highest court is necessary to determine the nature of this case going forward and could be outcome determinative. ........................ 3

    A.    The interpretation of the 2015 Michigan law is now at the forefront of this case.............................................................. 4

    B.    Certification of the proper interpretation of the 2015 Michigan law would clarify unsettled issues, affect the nature of this case going forward, and would not cause undue delay or prejudice. ............ 6

    C.    The Michigan Supreme Court should have the opportunity to decide issues of first impression to its courts and of primary and jurisprudential significance to its citizens. ............................................. 8

Conclusion and Relief Sought ..................................................................... 12

# INDEX OF AUTHORITIES

**Cases**                                                                                                               Page

*Cty. of Wayne v. Philip Morris, Inc.,*
   2000 U.S. Dist. LEXIS 22956 (E.D. Mich. Aug. 25, 2000) ................................... 3, 7

*Am. Booksellers Found. for Free Expression v. Strickland,*
   560 F.3d 443  (6th Cir. 2009) .................................................................................. 7

*Arizonans for Official English v. Arizona,*
   520 U.S. 43, 77 (1997) ......................................................................................... 3, 8

*Bankey v. Storer Broadcasting Co.,*
   882 F.2d 208 (6th Cir. 1989) ................................................................................. 8

*BKB Props., LLC v. Suntrust Bank,*
   453 F. App'x 582 (6th Cir. 2011) ........................................................................ 10

*Fisher v. Fisher,*
   324 N.W. 2d 582  (Mich. Ct. App. 1982) ............................................................ 10

*Fulton v. City of Philadelphia,*
   922 F.3d 140 (3rd Cir. 2019) ................................................................................. 5

*Glover v. Nationwide Mutual Fire Ins. Co.,*
   676 F. Supp. 2d 602  (W.D. Mich. 2009) ............................................................... 6

*Heimbach v. Amazon.com Inc. (In re Amazon.com),*
   942 F.3d 297 (6th Cir. 2019) ............................................................................... 10

*In re Certified Question (Deacon v. Pandora Media, Inc.),*
   885 N.W.2d 628 (Mich. 2016) ............................................................................... 9

*In re Certified Question (Mattison v. Social Security Comm'r),*
   825 N.W.2d 566  (Mich. 2012) .............................................................................. 9

*In re Certified Question (Philip Morris Inc., v. Jennifer Granholm, Attorney
   General, ex rel., State of Michigan),*
   638 N.W.2d 409, (Mich. 2002) .............................................................................. 9

*In re Certified Question (Wayne Cty. v. Philip Morris, Inc.),*
   638 N.W.2d 409 (Mich. 2002) ............................................................................... 3

*In re Certified Questions (Bankey v. Storer Broadcasting Co.),*
   443 N.W.2d 112  (Mich. 1989) .............................................................................. 9

*Lindenberg v. Jackson Nat'l Life Ins. Co.,*
   912 F.3d 348  (6th Cir. 2018) ................................................................... 8

*Planned Parenthood of Cincinnati Region v. Strickland,*
   531 F.3d 406 (6th Cir. 2008) ................................................................... 3

*Smith v. Org. of Foster Families for Equality and Reform,*
   431 U.S. 816 (1977) ................................................................................ 10

*State Auto Property & Cas. Ins. Co. v. Hargis,*
   785 F.3d 189  (6th Cir. 2015) ............................................................... 10

*Thiss v. A.O. Smith Corp.*
   No. 1:91-CV-239, 1993 U.S. Dist. LEXIS 11846, at *6 (W.D. Mich. June 29, 1993)...........7

## Statutes

2015 Public Act 53 ...................................................................................... 1, 2

Mich. Comp. Laws § 722.124e (4) (2015) .................................................. 1

Mich. Comp. Laws § 722.124e(2) (2015) ................................................... 1

Mich. Comp. Laws § 722.124f  (2015) ....................................................... 1

Mich. Comp. Laws §§ 722.124e ............................................................... 1, 2

Mich. Comp. Laws §§ 722.124f .................................................................. 1

## Rules

Mich. Ct. Rule 7.308(A)(2) ......................................................................... 3

W.D. Mich. LCivR 83.1 ............................................................................. 3, 6

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.      Federal courts have discretion to certify questions of state statutory
interpretation to a state's highest court to promote cooperative judicial
federalism and efficiencies and to avoid the potential for friction-
generating error.  Michigan courts have not had the occasion to
interpret 2015 PA 53, codified as Michigan Compiled Laws §§ 722.124e
and 722.124f (2015), and whether it authorizes state-contracted child
placing agencies to refuse to provide state-supervised children with
state-contracted services that conflict with an agency's sincerely held
religious beliefs.  Should this Court certify to the Michigan Supreme
Court the question of the proper interpretation of 2015 PA 53?

## INTRODUCTION

Plaintiff St. Vincent Catholic Charities ("St. Vincent") and State Defendants agree on a few things.  The first is that Michigan law[1] authorizes a state-contracted child placing agency ("CPA") to reject a Michigan Department of Health and Human Services ("MDHHS" or "Department") referral of a state-supervised child needing foster care case management or adoption services for any reason, including the CPA's sincerely held religious beliefs.[2]  The second is that Michigan law also authorizes a CPA to refuse to provide private and direct adoption services that conflict with the CPA's sincerely held beliefs.[3]  Neither of these statutorily-based religious accommodations are in dispute.

But the parties are diametrically opposed on the legal issue of whether Michigan law authorizes a state-contracted CPA to refuse to provide state-supervised children in the agency's care with state-contracted foster care case management and adoption services that conflict with the CPA's sincerely held religious beliefs.   And no state court has interpreted Mich. Comp. Laws §§ 722.124e and 722.124f.

Michigan's highest state court is the proper court to have the first opportunity to interpret this important state-law question.  The proper

---

[1] The Michigan law at issue is 2015 Public Act 53, codified as Michigan Compiled Laws § 722.124e and § 722.124f.

[2] Mich. Comp. Laws § 722.124f  (2015).

[3] Mich. Comp. Laws § 722.124e(2) and (4) (2015).

interpretation is a matter of first impression, unique to Michigan, and significant to the State's jurisprudence.

Rather than predicting what the state court might do, this Court should certify to the Michigan Supreme Court the question of the proper interpretation of 2015 Public Act 53, codified as Mich. Comp. Laws §§ 722.124e and 722.124f (the "2015 Michigan law"). Specifically, this Court should certify:

> Whether the 2015 Michigan law authorizes a child placing agency (CPA) under contract with the state to provide foster care case management or adoption services, to refuse to provide state-supervised children with contracted services that conflict with the CPA's sincerely held religious beliefs.

Certifying this question to the Michigan Supreme Court advances cooperative judicial federalism and conserves federal judicial resources. Certification also recognizes and respects the state court's authority and interest in interpreting state law in the first instance on significant state jurisprudential issues.

The Michigan Supreme Court's interpretation of the 2015 Michigan law will assist this Court in analyzing key issues in this case and could be dispositive. Moreover, certifying this question to the Michigan Supreme Court will not unduly delay the proceedings or prejudice St. Vincent because the preliminary injunction entered by this Court would remain in effect pending the state court's decision.

2

## ARGUMENT

**I.** **An authoritative decision on the interpretation of the 2015 Michigan law by Michigan's highest court is necessary to determine the nature of this case going forward and could be outcome determinative.**

Both federal and state courts recognize that a proper adjudication of a federal case may first require a state to authoritatively interpret its own law. *See, e.g., Cty. of Wayne v. Philip Morris, Inc.*, No. 99-76097, 2000 U.S. Dist. LEXIS 22956 (E.D. Mich. Aug. 25, 2000) (Exhibit A); *In re Certified Question (Wayne Cty. v. Philip Morris, Inc.)*, 638 N.W.2d 409 (Mich. 2002). This Court's local court rules, as well as Michigan's Court Rules, facilitate cooperation between federal and state courts by providing mechanisms to request and accept certified questions of state law. *See* W.D. Mich. LCivR 83.1; Mich. Ct. Rule 7.308(A)(2).

Certification benefits federal courts because it "save[s] time, energy, and resources and help[s] build a cooperative judicial federalism." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (internal citation omitted). Moreover, "[s]ubmitting uncertain questions of state law to the state's highest court by way of certification acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008) (quoting *Arizonans for Official English*, 520 U.S. at 79). Both principles apply here and warrant certifying the first-time question of the 2015 Michigan law's interpretation to the Michigan Supreme Court.

## A.    The interpretation of the 2015 Michigan law is now at the forefront of this case.

Early on, this Court recognized that the Michigan Supreme Court's insight into the 2015 Michigan law could be crucial to this case.  At the Rule 16 Conference, the Court questioned whether this case would resolve if the Michigan Supreme Court interpreted the 2015 Michigan law in St. Vincent's favor.  St. Vincent believed that such an interpretation would be "a great benefit" and wanted to "consider what impact [such an interpretation] would have on this case."  (Doc. 51, Tr. of Rule 16 Conf., PageID.1844.)  State Defendants maintained that the "state statute at issue [is] very clear that the definition of services under those statutes do[es] not include foster care case management or adoption services."  (*Id*. at PageID.1844-1845.)  And following the Court's prompt to consider what would happen if the Michigan Supreme Court disagreed with the State Defendants' reading of the statute (*id*. at PageID.1846-1847), the State Defendants responded that this case was based on constitutional claims, *not* on the Michigan statutes, (*id*. at PageID.1847).

This Court's ruling on the preliminary injunction, however, highlighted the importance of the interpretation of the 2015 Michigan law to Plaintiff's federal claims.  And the Court seemingly interpreted the 2015 Michigan law as authorizing St. Vincent to refuse to provide state-supervised children with state-contracted

services that conflict with the agency's sincerely held religious beliefs.  (Op. Granting Prelim. Inj., Doc. 69, PageID.2518.)[4]

This interpretation played an important role in determining that St. Vincent is likely to succeed on the merits of its free exercise claim.[5]  For example, the Court reasoned that prohibiting St. Vincent from refusing to provide state-contracted services that conflict with its sincerely held religious beliefs would "flout the letter and stated intention of the Michigan Legislature in 2015 PA 53."  (Doc. 69, PageID.2519.)  Also based on its interpretation, this Court reasoned that, because the 2015 Michigan law allows CPAs to withhold state-contracted services that do not comport with their religious beliefs, MDHHS's "real goal" in enforcing state contracts "is not to promote non-discriminatory child placement, but to stamp out St Vincent's religious belief and replace it with the State's own." (Doc 69, PageID.2519.)  In this way, the interpretation of the 2015 Michigan law permeated the key issues of religious animus and whether to apply strict scrutiny in the case.[6]

---

[4] This Court also opined that prohibiting a CPA from refusing to provide state-contracted services based on the CPA's sincerely held beliefs, simply because it accepts a MDHHS referral of a child for case management or adoption services, "is at odds … with the 2015 law." (Doc. 69, PageID.2518.)

[5] Even though the St. Vincent raised only federal claims, references to the 2015 Michigan law appear more than 25 times throughout this Court's Opinion.

[6] This Court's interpretation of the 2015 Michigan law filtered into many aspects of the analysis.  For example, although *Fulton v. City of Philadelphia*, 922 F.3d 140 (3rd Cir 2019) is similar to this case, but with a different result, this Court distinguished *Fulton*, finding that the case involves "a duly enacted public policy of the State or municipality that aimed to protect the agency's choice." (Doc. 69, PageID.2520).

Now that State Defendants have withdrawn their appeal of the preliminary injunction (Case 19-2185, Docket No 33), this case will proceed on the merits.  This Court's Opinion at the preliminary injunction stage indicates that the 2015 Michigan law and its proper interpretation lie at the heart of the issues in this case and will impact the nature of the proceedings going forward.  Because the 2015 Michigan law is now at the forefront of this case, certification will aid in the full and proper resolution of this case and avoid the friction-generating error that could result if the Michigan Supreme Court is not provided the opportunity to opine first on the statute's interpretation.

> **B.    Certification of the proper interpretation of the 2015 Michigan law would clarify unsettled issues, affect the nature of this case going forward, and would not cause undue delay or prejudice.**

Certification rests in the discretion of this Court.  *See* W.D. Mich. LCivR 83.1; *Glover v. Nationwide Mutual Fire Ins. Co.*, 676 F. Supp. 2d 602, 622 (W.D. Mich. 2009) (citing *Lehman Brothers v. Schein,* 416 U.S. 386, 390–91 (1974)).  And this Court should exercise its discretion to certify the question to the Michigan Supreme Court for three reasons.

First, there is no authoritative interpretation of the 2015 Michigan law on which this Court can rely, leaving it to predict how Michigan courts would decide the issue.  And, the state court's interpretation of its own law is important here. Indeed, the Court has already indicated that this case could benefit from an authoritative interpretation of 2015 Michigan law.  (Doc. 51, PageID.1843–1847). This Court confirmed that it does not "have jurisdiction to tell a state official to

comply with state law, that's not the federal court's role[.]" (Doc. 51, PageID.1843–1844.)  An authoritative interpretation of the 2015 Michigan law from the Michigan Supreme Court could "avoid in whole or in part the necessity for federal constitutional adjudication" of St. Vincent's federal claims because the Department is required to follow state law.  *Am. Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443, 446 (6th Cir. 2009) (quoting *Bellotti v. Baird*, 428 U.S. 132 (1976)).  Indeed, federal courts in the Sixth Circuit, faced with unsettled questions of interpretation of state law, have recognized the value of allowing the Michigan Supreme Court to carry out its appropriate role of interpreting Michigan law.  *See, e.g.*, *Cty. of Wayne v. Philip Morris, Inc.*, 2000 U.S  Dist LEXIS 22956, at *7 (certifying question concerning the scope of a Michigan official's authority because there was no controlling precedent) (Exhibit A); *Thiss v. A.O. Smith Corp.*, No. 1:91-CV-239, 1993 U.S. Dist. LEXIS 11846, at *6 (W.D. Mich. June 29, 1993) (certifying question where district court had no basis to predict the course of state law on what was "essentially a policy decision between competing doctrines.") (Exhibit B).

Second, the Michigan Supreme Court's interpretation of the 2015 Michigan law could affect the outcome of this case, or at least materially change the nature of the issues.  St. Vincent acknowledged during the Rule 16 Conference (Doc. 51, PageID.1844), that the Michigan Supreme Court's interpretation would be beneficial and may lead the parties to consider the impact on and propriety of further litigating this case.  Even if having an authoritative interpretation does not

completely dispose of the case, it would likely significantly narrow the issues to be decided by this Court.

Third, certification will not cause undue delay or prejudice.  Any risk of delay is mitigated by having a proper interpretation of the 2015 Michigan law, which will conserve this Court's "time, energy, and resources." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 371 (6th Cir. 2018) (quoting *Lehman Bros.* 416 U.S. at 391) (internal citation and quotation marks omitted)).  Moreover, St. Vincent will suffer no negative impact pending a decision by the state court, as it obtained all the relief requested for as long as the preliminary injunction stands.  (Doc. 70, PageID.2531.)  And because the State has withdrawn its appeal to the Sixth Circuit, the preliminary injunction will stand throughout the time it takes for the Michigan Supreme Court to issue its decision.  Therefore, any prejudice falls almost entirely on State Defendants, the party seeking the certification, and should not serve as a basis for denying the request.

## C.   The Michigan Supreme Court should have the opportunity to decide issues of first impression to its courts and of primary and jurisprudential significance to its citizens.

As explained above, the importance of the 2015 Michigan law's proper interpretation in this case cannot be overstated.  Again, the U.S. Supreme Court and the Sixth Circuit have recognized that importance.  *See, e.g.*, *Arizonans for Official English*, 520 U.S. at 77; *Bankey v. Storer Broadcasting Co.*, 882 F.2d 208, 210 (6th Cir. 1989) (Sixth Circuit unanimously certified question where the

interpretation "proffered by appellant presents a question of Michigan law that is not controlled by Michigan Supreme Court precedent.")  Equally important is providing Michigan state courts the first opportunity to decide significant issues of state jurisprudence by interpreting state laws involving issues of state concern—in this case, children under the state's care and supervision and in need of foster care case management and adoption services.

Similar to federal courts' recognition of the value of certified questions, the Michigan Supreme Court also recognizes the importance of accepting a certified question.  And it has accepted certified questions in cases like this, which present the "opportunity to clarify an important aspect of Michigan [] law," and provide "practical guidance and certainty" for Michigan citizens.[7]  *See In re Certified Questions* (*Bankey v. Storer Broadcasting Co.*), 443 N.W.2d 112, 114, n.4 (Mich. 1989) (accepting certified question in an employment law case because it would "resolve some of the uncertainty" concerning the scope of an exception to Michigan's at-will doctrine).

Now is the appropriate time to present this certified question—with the preliminary injunction in place, before federal judicial resources and the parties'

---

[7] The Michigan Supreme Court accepts certified questions from both federal district courts and the federal courts of appeal.  *See In re Certified Question* (*Mattison v. Social Security Comm'r*), 825 N.W.2d 566, 567 (Mich. 2012) (certifying question from the U.S. District Court for the Western District of Michigan); *In re Certified Question* (*Philip Morris Inc., v. Jennifer Granholm, Attorney General, ex rel., State of Michigan*), 638 N.W.2d 409 (Mich. 2002) (certifying question from the U.S. District Court for the Eastern District of Michigan); *In re Certified Question* (*Deacon v. Pandora Media, Inc.*), 885 N.W.2d 628 (Mich. 2016) (certifying question from the U.S. Court of Appeals for the Ninth Circuit).

time and money is expended and prior to a final adjudication on the issues in this

case. *See Heimbach v. Amazon.com Inc. (In re Amazon.com),* 942 F.3d 297, 300 (6th

Cir. 2019) (time to request certification is before the district court has resolved the

issue*); State Auto Property & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir.

2015) (certification disfavored when it is sought only after the district court has

entered an adverse ruling on summary judgment); see also *BKB Props., LLC v.

Suntrust Bank*, 453 F. App'x 582, 588 (6th Cir. 2011) (denying request for

certification where movant failed to request certification in the district court,

"resulting in the considerable expenditure of judicial resources by the federal courts

on the issue….")

Another important consideration is that a proper interpretation of the 2015

Michigan law is of significant interest to the State. Foster care legislation presents

"issues of unusual delicacy, … where professional judgments regarding desirable

procedures are constantly and rapidly changing[]" and warrants federal judicial

restraint. *Smith v. Org. of Foster Families for Equality and Reform,* 431 U.S. 816,

855–56 (1977). Additionally, Michigan courts recognize that "[t]he care and

protection of children has long been a matter of utmost state concern," even when

faced with allegations that state laws intended to facilitate care and protection of

children contradict the free exercise of religion. *Fisher v. Fisher,* 324 N.W. 2d 582,

584 (Mich. Ct. App. 1982). Certifying the question of the 2015 Michigan law's

interpretation will allow the Michigan Supreme Court to determine whether the

statute authorizes CPAs to refuse to provide state-supervised children with state-contracted services that conflict with their sincerely held religious beliefs.

No Michigan state court has spoken on the proper interpretation of the 2015 Michigan law.  The Michigan Supreme Court should have the first opportunity to interpret this important statute, and the posture of this case presents an opportune time to do that.  If the Michigan Supreme Court interprets the 2015 Michigan law as proposed by St. Vincent, then this Court may not need to reach the constitutional issues presented.  If, however, the Michigan Supreme Court interprets the 2015 Michigan law as MDHHS does, then the nature of this case could significantly change.  In either scenario, the clarification would resolve a crucial issue in this case, which in turn would allow the case to proceed in a much more efficient manner.

## CONCLUSION AND RELIEF SOUGHT

For the reasons stated in the motion to certify and this brief in support, State

Defendants respectfully requests that this Court certify to the Michigan Supreme

Court the proper interpretation of 2015 PA 53, codified as Michigan Compiled Laws

§ 722.124e and § 722.124f.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/Toni L. Harris*
Toni L. Harris (P63111)
Assistant Attorney General
Attorney for State Defendants
P. O. Box 30758
Lansing, Michigan 48909
(517) 335-7603
harrist19@michigan.gov

Dated:  January 6, 2020

12

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limit of W.D. Mich. LCivR 7.2(b)(i) because,

excluding the parts exempted by W.D. Mich. LCivR 7.2(b)(i), it contains 2,481

words.  The word count was generated using Microsoft Word 2016.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Toni L. Harris*
Toni L. Harris (P63111)
Assistant Attorney General
Attorney for State Defendants
P. O. Box 30758
Lansing, Michigan 48909
(517) 335-7603
harrist19@michigan.gov

Dated:  January 6, 2020