# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 27, 2020

Mr. Garrard Russ Beeney
Ms. Leila Rashida Siddiky
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

Mr. William Bloomfield
Catholic Diocese of Lansing
228 N. Walnut Street
Lansing, MI 48933

Ms. Toni L. Harris
Ms. Precious Snyott Boone
Ms. Elizabeth Briggs
Mr. Anthony Joseph Sukkar
Office of the Attorney General
P.O. Box 30758
Lansing, MI 48917

Mr. Jacob Coate
Mr. William Haun
Mr. Nicholas Robert Reaves
Mr. Mark Rienzi
Ms. Lori Halstead Windham
Becket Fund for Religious Liberty
1200 New Hampshire Avenue, N.W., Suite 700
Washington, DC 20036

Ms. Leslie Jill Cooper
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Re:  Case No. 19-2185, *Melissa Buck, et al v. Robert Gordon, et al*
Originating Case No. : 1:19-cv-00286

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Robin L. Johnson
Case Manager
Direct Dial No. 513-564-7039

cc:  Mr. Thomas Dorwin

Enclosure

No mandate to issue

No.  19-2185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MELISSA BUCK, et al.,                                 )
                                                      )
    Plaintiffs-Appellees,                             )
                                                      )
v.                                                    )
                                                      )
ROBERT GORDON, in his official capacity as            )
Director of the Michigan Department of Health and     )
Human Services, et al.,                               )
                                                      )
    Defendants-Appellants,                            )
                                                      )
ALEX M. AZAR, II, in his official capacity as the     )
Secretary of the Untied States Department of Health   )
and Human Services, et al.,                           )
                                                      )
    Defendants.                                       )

**FILED**
Feb 27, 2020
DEBORAH S. HUNT, Clerk

O R D E R

Before:  NORRIS, SUTTON, and BUSH, Circuit Judges.

Robert Gordon, Joo Yeun Chang, and Dana Nessel—in their official capacities as Director of the Michigan Department of Health and Human Services, the Executive Director of the Michigan Children's Services Agency, and the Attorney General of Michigan—("the State") appeal an interlocutory order granting a preliminary injunction to Plaintiff St. Vincent Catholic Charities that prohibits the State from terminating, suspending, or failing to renew its contracts for child placement services or otherwise taking any action interfering with its free exercise of its religious beliefs.  Non-parties Kristy and Dana Dumont move to intervene.  The State did not respond.  But St. Vincent, along with plaintiffs Melissa Buck, Chad Buck, and Shamber Flore

No. 19-2185
-2-

(collectively, "St. Vincent"), suggest staying the Dumonts' request pending the outcome of the Dumonts' related appeal and, alternatively, oppose intervention. The Dumonts reply. The State moves to voluntarily dismiss the appeal without costs assigned to either party. St. Vincent opposes dismissal. The State replies.

Courts "have broad discretion to grant voluntary motions to dismiss." *Am. Auto. Mfrs. v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 22 (1st Cir. 1994). We generally grant motions to voluntarily dismiss, *see Twp. of Benton v. Cty. of Berrien*, 570 F.2d 114, 118−19 (6th Cir. 1978), provided that circumstances do not dictate otherwise. We will deny voluntary dismissal if it is sought to evade appellate review. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). We will deny voluntary dismissal if a party is trying to avoid having a particular panel decide the merits of the appeal. *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015). We also eschew dismissal if we have invested substantial time in the case and a decision on the merits is imminent or dismissal will needlessly delay consideration by the court. *See id.* We may deny voluntary dismissal if lower courts would benefit from our immediate consideration of the issue. *Cf. Khouzam*, 361 F.3d at 168 (denying dismissal after the court expressed doubts as to the movant's position during oral argument and noted that the case involved "an issue of public importance.").

The circumstances here support dismissal. The State appealed the grant of a preliminary injunction; thus, even if we consider the merits of the appeal, it will not end the litigation. *See Am. Auto Mfrs.*, 31 F.3d at 23 (citation omitted) (granting voluntary dismissal of a preliminary injunction appeal because dismissal "w[ould] not shelter the . . . claims from scrutiny," but instead "w[ould] simply . . . accept[] [appellant's] decision to let those claims be finally adjudicated before bringing them to this court."). Religious freedom is indisputably of public importance. But, because a stay of the injunction has been denied by both the district court and our court, it will remain in effect pending disposition of the matter. Thus, St. Vincent will remain protected if the district court grants the State's request to certify a question to the Michigan Supreme Court,

No. 19-2185
-3-

causing a delay.  The appeal has not been briefed, oral argument has not been conducted, and a

decision is not imminent.  Although neither the district court nor this court's unpublished orders

denying a stay are binding, both signal to other courts that St. Vincent's position has a likelihood

of success on appeal.  There are similar cases pending, but they, too, are all in their infancy.  The

Dumonts do have an outstanding motion to intervene.  But they did not oppose dismissal.  If they

prevail in their related appeal challenging the denial of intervention below, they will be permitted

to intervene below.  And, regardless, they are participating below as *amici*.

The State suggests that costs should not be assigned to either party.  Although St. Vincent

notes that it has already expended costs on appeal and takes issue with the State's litigation

practice, it does not suggest alternative terms.

The motion to voluntarily dismiss is **GRANTED**.  The motion to intervene is **DENIED**

**AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk