UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK; CHAD BUCK; and
SHAMBER FLORE; ST. VINCENT
CATHOLIC CHARITIES,

    Plaintiffs,

v.

ROBERT GORDON, in his official
capacity as the Director of the Michigan
Department of Health and Human Services;
HERMAN MCCALL, in his official capacity
as the Executive Director of the Michigan
Children's Services Agency; DANA NESSEL,
in her official capacity as Michigan Attorney
General; ALEX AZAR, in his official capacity
as Secretary of Health and Human Services;
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

No. 1:19-cv-00286

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO CERTIFY THE QUESTION OF STATUTORY INTERPRETATION

    Dana Nessel
    Attorney General

    /s/ Toni L. Harris
    Toni L. Harris
    Assistant Attorney General
    Health, Education & Family Services
    Division
    P.O. Box 30758
    Lansing, MI 48909
    (517) 335-7603
    HarrisT19@michigan.gov
    P63111

Dated: March 11, 2020

### THE U.S. SUPREME COURT'S DECISION TO HEAR *FULTON* IS FURTHER REASON TO GRANT STATE DEFENDANTS' MOTION TO CERTIFY THE QUESTION OF STATUTORY INTERPRETATION TO THE MICHIGAN SUPREME COURT

On January 6, 2020, State Defendants filed a motion to certify the question of state law interpretation to the Michigan Supreme Court. (ECF Nos. 87 and 88.) St. Vincent Catholic Charities opposed the motion, claiming that granting the motion will cause undue delay, harm St. Vincent, and waste judicial resources. (ECF No. 90.)[1]

On Monday, February 24, 2020, the Supreme Court granted certiorari in *Fulton v. Philadelphia*, 922 F.3d 140 (3d Cir. 2019), *cert. granted*, --- S.Ct. ---, 2020 WL 871694 (U.S. Feb. 24, 2020) (No. 19-123).

In *Fulton*, the City of Philadelphia's Department of Human Services investigated a complaint that two of its agencies would not work with same-sex couples as foster parents, which if true would be considered a violation of the City's anti-discrimination laws. *Id.* at 146. The agencies confirmed that, because of their religious views on marriage, they would not work with gay couples. *Id.* Thereafter, Human Services stopped referring foster children to them. One of those agencies, Catholic Social Services (CSS), filed suit claiming that the City had violated its

---

[1] On February 27, 2020, the Sixth Circuit Court of Appeals granted State Defendants' motion to voluntarily dismiss their appeal (ECF No. 92) of the preliminary injunction granted by this Court on September 26, 2019 (ECF Nos. 69 and 70).

rights under the First Amendment's Free Exercise, Establishment, and Free Speech Clauses, and under Pennsylvania's Religious Freedom Protection Act. *Id.* CSS sought an order requiring the City to renew its contractual relationship with CSS, while permitting the agency to turn away same-sex couples seeking to become foster parents. *Id.* The district court denied preliminary injunctive relief.

CSS appealed. The Third Circuit affirmed the district court's decision, concluding:

> The City stands on firm ground in requiring its contractors to abide by its non-discrimination policies when administering public services. Under *Smith*, the First Amendment does not prohibit government regulation of religiously motivated conduct so long as that regulation is not a veiled attempt to suppress disfavored religious beliefs. And while CSS may assert that the City's actions were not driven by a sincere commitment to equality but rather by antireligious and anti-Catholic bias (and is of course able to introduce additional evidence as this case proceeds), the current record does not show religious persecution or bias. Instead it shows so far the City's good faith in its effort to enforce its laws against discrimination. [*Id.* at 165.]

While the Supreme Court's decision in *Fulton* could determine a threshold constitutional question at issue in this case, the Court's decision has no bearing on the question of state law interpretation that is at the forefront of this case and should be decided first, as explained in State Defendants' motion to certify (ECF Nos. 87 and 88). The Supreme Court's decision to hear *Fulton* is further reason to grant State Defendants' motion to certify because the Michigan Supreme Court's interpretation of state law remains relevant regardless of the outcome in *Fulton*, and is not impacted by the *Fulton* decision. Moreover, because the U.S. Supreme

3

Court's decision in *Fulton* will not be issued for several months, certifying the question to the Michigan Supreme Court and waiting for an answer will not unduly delay a final decision on the merits in this case or otherwise harm St. Vincent Catholic Charities.

        Respectfully submitted,

        Dana Nessel
        Attorney General

        /s/ Toni L. Harris
        Toni L. Harris
        Assistant Attorney General
        Health, Education & Family Services Division
        P.O. Box 30758
        Lansing, MI 48909
        (517) 335-7603
        HarrisT19@michigan.gov
        P63111

Dated: March 11, 2020

5

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 11, 2020, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
P63111