# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ST. VINCENT CATHOLIC CHARITIES,<br><br>    *Plaintiff*,<br><br>  v.<br><br>ROBERT GORDON, in his official capacity as the Director of the Michigan Department of Health and Human Services; JOO YEUN CHANG, in her official capacity as the Executive Director of the Michigan Children's Services Agency; DANA NESSEL, in her official capacity as Michigan Attorney General; ALEX AZAR, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    *Defendants*. | No. 1:19-CV-00286<br><br>HON. ROBERT J. JONKER<br><br>MAG. PHILLIP J. GREEN |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**
**&**
**RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On February 24, 2020, the United States Supreme Court granted review in *Fulton v. City of Philadelphia*, 922 F.3d 140 (3d Cir. 2019); Order, *Fulton v. City of Philadelphia*, No. 19-123 (U.S. Feb. 24, 2020). There, the Court will consider three questions:

1. Whether free exercise plaintiffs can only succeed by proving a particular type of discrimination claim—namely that the government would allow the same conduct by someone who held different religious views—as two circuits have held, or whether courts must consider other evidence that a law is not neutral and generally applicable, as six circuits have held?
2. Whether *Employment Division v. Smith* should be revisited?
3. Whether a government violates the First Amendment by conditioning a religious agency's ability to participate in the foster care system on taking actions and making statements that directly contradict the agency's religious beliefs?[1]

The Supreme Court's resolution of *Fulton* will bear on this case. Accordingly, Plaintiff St. Vincent Catholic Charities ("St. Vincent") asks this Court to stay all proceedings pending the Supreme Court's decision in *Fulton*. Staying proceedings pending a relevant Supreme Court decision is standard fare. *E.g., In re Patrick*, 833 F.3d 584, 589 (6th Cir. 2016); *In re Embry*, 831 F.3d 377, 382 (6th Cir. 2016); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l*

---

[1] Pet. for Cert., *Fulton*, No. 19-123 (U.S. July 22, 2019).

1

*Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, 795 F.3d 525, 525 (6th Cir. 2015); *United States v. Prisel*, 316 F. App'x 377, 383 (6th Cir. 2008).

This Court has inherent authority to stay this case incidental to its power to control its docket. *E.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Sixth Circuit has instructed district courts to consider whether: (i) there is a need for a stay, (ii) a stay would harm the opposing party, and (iii) a stay would harm the public. *Ohio Envtl. Council v. U.S. Dist. Court S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). *See also Michael v. Ghee*, 325 F. Supp. 2d 829 (N.D. Ohio 2004). District courts in this circuit have also considered: whether a stay will simplify issues and whether discovery has been completed or a trial been set.[2] These factors favor a stay here.

First, a stay is needed because the legal standard applicable to this litigation is in flux. It makes no sense for the parties to extensively litigate questions on the merits that may need re-litigation—or may be

---

[2] *Schroeder v. Hess Industries, Inc.*, No. 1:12-cv-668, 2013 WL 2389489 (W.D. Mich. May 30, 2013); *St. Martin Investments, Inc. v. Bandit Industries, Inc.*, No. 1:17-cv-472, 2017 WL 6816506 (W.D. Mich. Aug. 30, 2017); *Ellington v. Fed. Home Loan Mortg. Corp.*, No. 4:13CV-30, 2014 WL 12726505 (W.D. Ky. Aug. 7, 2014); *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, 2007 WL 772891 (W.D. Mich. Mar.12, 2007).

obviated—after the Supreme Court decides *Fulton*. And it serves no purpose for the parties to engage in discovery now, when *Fulton* may alter the scope of relevant evidence.

True, St. Vincent can succeed without relying upon *Fulton*. This Court and the Sixth Circuit have already held that St. Vincent is likely to succeed on the merits. ECF No. 69; Order, *Buck*, No. 19-2185 (6th Cir. Nov. 19, 2019), ECF No. 29-2. And, as a different Sixth Circuit motions panel recently noted: "Although neither the district court nor this court's unpublished orders denying a stay are binding, both signal to other courts that St. Vincent's position has a likelihood of success on appeal." Order, *Buck*, No. 19-2185 (6th Cir. Feb. 27, 2020), ECF No. 40-2. Still, because *Fulton* will impact the standards here, a stay better protects the parties' and this Court's resources.

Second, a stay would not harm Michigan. Michigan has shown little regard for resolving this case promptly, spending nearly five months on a voluntarily withdrawn appeal and now asking to send this federal case to state court where it could languish for years. Further, any delay will be easily offset by the fact that at the end of the stay, this case will be ready for speedy resolution. And Michigan cannot claim any hardship

3

from having to live with the preliminary injunction, having just dropped its interlocutory appeal and asking this Court to certify a state law question that would postpone this case indefinitely. If anything, as discussed above, a stay will help Michigan by avoiding needless litigation and discovery.

In fact, Michigan has asked the Eastern District of Michigan to hold *Dumont v. Gordon* in abeyance pending *Fulton*. Brief, *Dumont*, 2:17-cv-13080 (E.D. Mich. Mar. 11, 2020), ECF No. 92. To oppose a stay here, while proposing a stay there, makes no sense.

Third, a stay will not harm the public interest. This Court's preliminary injunction will preserve the status quo and keep St. Vincent's doors open. The Court has already determined that this serves the public interest. ECF No. 69. And a Sixth Circuit motions panel held the same. Order, *Buck*, No. 19-2185, ECF No. 29-2.

Fourth, a stay will simplify the issues and promote judicial economy. As this Court knows—and as shown above—the Supreme Court will consider issues like those raised in this case in *Fulton*. Accordingly, a stay allows this Court to prioritize its efforts towards the rest of its docket not receiving imminent Supreme Court guidance.

Fifth, this case is still in its early stages. The parties have not yet engaged in discovery and this Court has not set a date for trial. Indeed, the Court declined to do so after the Rule 16(b) conference in part because the parties expected higher court guidance following the preliminary injunction decision.

In short, this Court's stay authority is designed precisely for situations like this one. As the Supreme Court has explained, this Court has the authority to stay proceedings so that it can "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. As explained *supra*—and as common-sense dictates—a stay will promote judicial economy and protect party resources. In fact, following the same logic, this Court has previously stayed proceedings pending Sixth Circuit guidance. *See* Order, *Gardner v. Holsey*, No. 1:12-cv-1338 (W.D. Mich. Mar. 6, 2015), ECF No. 82; *Hadix v. Caruso*, No. 4:92-cv-110, 2007 WL 2701972, at *7 (W.D. Mich. Sept. 10, 2007). This Court should do the same here.

Indeed, Michigan recognizes *Fulton*'s potential importance, notifying this Court of the Supreme Court's grant. The State bizarrely argues that *Fulton*—a federal case considering federal issues—somehow bolsters its

5

state certification argument. It does the opposite, instead showing what this Court has already held: this is a federal case, grounded in the United States Constitution, which should and will be decided by a federal court.

Plaintiff therefore respectfully requests that this Court stay proceedings in this case pending the Supreme Court's decision in *Fulton*.

March 19, 2020                                   Respectfully submitted,

William R. Bloomfield (P68515)        /s/ *Lori Windham*
Catholic Diocese of Lansing           Lori H. Windham
Lansing, Michigan 48933-1122          Mark L. Rienzi
(517) 342-2522                        Nicholas R. Reaves
wbloomfield@dioceseoflansing.org      William J. Haun
                                      Jacob M. Coate
                                      The Becket Fund for Religious Liberty
                                      1200 New Hampshire Ave. NW
                                      Suite 700
                                      Washington, DC 20036
                                      Telephone: (202) 955-0095
                                      Facsimile: (202) 955-0090
                                      *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit of Local Rule 7.3(b)(i) because, excluding the parts exempted by Local Rule 7.3(b)(i), it contains 1,176 words. The word count was generated using Microsoft Word 2016.

| | |
|---|---|
| William R. Bloomfield (P68515)<br>Catholic Diocese of Lansing<br>Lansing, Michigan 48933-1122<br>(517) 342-2522<br>wbloomfield@dioceseoflansing.org | /s/ *Lori Windham*<br>Lori H. Windham<br>Mark L. Rienzi<br>Nicholas R. Reaves<br>William J. Haun<br>Jacob M. Coate<br>The Becket Fund for Religious Liberty<br>1200 New Hampshire Ave. NW<br>Suite 700<br>Washington, DC 20036<br>Telephone: (202) 955-0095<br>Facsimile: (202) 955-0090<br>*Counsel for Plaintiff* |