UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK; CHAD BUCK; and
SHAMBER FLORE; ST. VINCENT
CATHOLIC CHARITIES,

    Plaintiffs,

v.

ROBERT GORDON, in his official capacity as
the Director of the Michigan Department of
Health and Human Services; HERMAN
MCCALL, in his official capacity as the
Executive Director of the Michigan Children's
Services Agency; DANA NESSEL, in her
official capacity as Michigan Attorney General;
ALEX AZAR, in his official capacity as
Secretary of Health and Human Services;
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

No. 1:19-cv-00286

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**STATE DEFENDANTS' BRIEF IN OPPOSITION TO ST. VINCENT CATHOLIC CHARITIES' MOTION TO STAY PROCEEDINGS**

Lori H. Windham
Attorney for Plaintiffs
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Ste. 700
Washington, DC 20036
(202) 955-0095
lwindham@becketlaw.org

Christopher Alan Bates
Attorney for Federal Defendants
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-3307
christopher.a.bates@usdoj.gov

Toni L. Harris (P63111)
Elizabeth Husa Briggs (P73907)
Cassandra Drysdale-Crown (P64108)
Neil Giovanatti (P82305)
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
GiovanattiN@michigan.gov

/

**STATE DEFENDANTS' BRIEF IN IN OPPOSITION TO
ST. VINCENT CATHOLIC CHARITIES'
MOTION TO STAY PROCEEDINGS**

The parties are generally in agreement—this matter should be stayed. But the parties differ on when and why the proceeding should be stayed.

As to when, State Defendants believe this proceeding should be stayed following a certification of questions of state law to the Michigan Supreme Court, which could be dispositive in this proceeding. In contrast, Plaintiff St. Vincent Catholic Charities ("St. Vincent") contends this matter should be stayed pending the United State Supreme Court's decision in *Fulton v. City of Philadelphia*, a Third Circuit appeal in an albeit similar, though not identical, matter. *See Fulton v. Philadelphia*, 922 F.3d 140 (3d Cir. 2019), *cert. granted*, No. 19-123, 2020 WL 871694 (U.S. Feb. 24, 2020).

As to why, this Court's analysis of the present claims in granting a preliminary injunction laid bare that questions of state law need to be determined to ultimately resolve this case. (Dkt. 69, PageID.2507-09, 18-20, 23-24.) And while the United States Supreme Court's eventual decision in *Fulton* could be relevant to this proceeding, until the Supreme Court issues its decision, it is unclear what precedential effect, if any, *Fulton* would provide for this matter. And if Supreme Court's opinion in *Fulton* does not fully resolve all of the claims in this case, certifying the question and waiting for the Michigan Supreme Court's decision at that point will certainly delay this case even further. Therefore, instead of staying this case now and hypothesizing that an eventual decision in *Fulton* will resolve

1

this case, the Court should certify the state law questions to the Michigan Supreme Court for their first interpretation of the relevant state statutes, which likely will resolve this case.

State Defendants accordingly oppose Plaintiff's requested stay at this time. If the Court first certifies the state law questions to the Michigan Supreme Court, State Defendants would not oppose staying this proceeding pending both the Michigan Supreme Court's decision and the United States Supreme Court's decision in *Fulton*. Plaintiff would suffer no prejudice from such a stay as the preliminary injunction would remain in place during the stay. And, after both high courts speak in the respective cases, any state law questions could be resolved, as could some federal questions, making a quick resolution of this matter likely.

I. **The Court should first grant State Defendants' motion to certify and request the Michigan Supreme Court interpret M.C.L. §§ 722.124e and 722.124f before considering a stay based on *Fulton*.**

As set forth in State Defendants' pending Motion to Request Certification to the Michigan Supreme Court (PageID.2791-2815), interpretation of Mich. Comp. Laws §§ 722.124e and 722.124f is highly relevant to resolving this case. If these statutes permit a child placing agency (CPA) under contract with the State to refuse to provide state-supervised children with contracted services that conflict with the CPA's sincerely held religious beliefs, it may obviate the need for this Court to address St. Vincent's constitutional claims and resolve the case. Thus, before staying this matter pending *Fulton*, the Court should first request certification of

the interpretation of Mich. Comp. Laws §§ 722.124e and 722.124f to the Michigan Supreme Court.[1]

### A. *Fulton* will not interpret Michigan state law.

As *Fulton* is based on the City of Philadelphia's policies and procedures regarding child placing agencies, the United States Supreme Court's eventual decision in *Fulton* will not address Michigan's state law relevant to this case. In fact, this Court specifically distinguished the Third Circuit's decision in *Fulton* in part because Pennsylvania did not have a comparable statute related to a child placing agency's ability to choose whether to provide services based on its religious beliefs. (Dkt. 69, PageID.2520 ("Nor was there any duly enacted public policy of the State or municipality that aimed to protect the agency's choice to the maximum extent provided by law").) Thus, regardless of the United States Supreme Court's eventual decision in *Fulton*, this Court will still be left to wrestle with the interpretation of Michigan's state law, which no state court has had the opportunity to consider and decide in the first instance.

---

[1] St. Vincent contends that this case should be stayed now because the Michigan Department of Health and Human Services, the defendant in *Dumont v. Gordon*, 2:17-cv-13080 (E.D. Mich. Mar. 11, 2020), asked the *Dumont* court to stay that case pending a decision in *Fulton*. However, there is neither a state law question nor a motion to certify the question of statutory interpretation before the *Dumont* court. Rather, the Dumonts have sought to reopen the case and enforce the settlement agreement, i.e., a contract claim. Here, the interpretation of state law is front and center, and State Defendants' motion to certify remains pending before this Court.

### B. *Fulton* might not provide any relevant guidance for this action.

In its Opinion granting a preliminary injunction, this Court found that *Fulton* is not an identical case. (Dkt. 69, PageID.2519-20.) Some distinguishing factors between the cases, as determined by the Court, may ultimately render the Supreme Court's decision in *Fulton* irrelevant for precedential purposes of the instant case. Principally relevant to this motion, as discussed above, the City of Philadelphia did not have a state statute or city ordinance comparable to Mich. Comp. Laws §§ 722.124e and 722.124f.

In addition, and as this Court found, "in *Fulton*, the challenged practice was an actual refusal to certify [foster and adoptive home], not a referral to some other agency for an impartial evaluation" as St. Vincent has purported to refer same sex and unmarried prospective foster and adoptive parents to other agencies. (Dkt. 69, PageID.2520.) Given that this Court found that *Fulton* is distinguishable from the instant matter in certain ways, it remains to be seen if the United States Supreme Court's decision would ultimately assist this Court in deciding this case. In contrast, if the Michigan Supreme Court provides an interpretation of Mich. Comp. Laws §§ 722.124e and 722.124f from a referral in this case, that court's decision would undoubtedly be instructive (and potentially dispositive as discussed in the motion to certify), as it would be interpreting the state statutes directly relevant to this case.

**C.   There is no reason to delay a request for certification of the state law questions while the Supreme Court considers *Fulton*, and a subsequent request for certification would only cause delay.**

Even if the Court were to consider staying this proceeding pending a decision in *Fulton*, the Court should first request certification of the state law question to the Michigan Supreme Court to avoid delay. If *Fulton* ultimately does not provide relevant precedent, the Court may then need to interpret Michigan's statute to resolve this case on the merits. Given that the United States Supreme Court will likely not issue a decision in *Fulton* until next term—approximately a year from now, and potentially longer[2]—there is no reason to wait to request certification of the state law questions. If the state law questions are resolved by the Michigan Supreme Court, and the United States Supreme Court resolves any relevant federal questions of law, then the parties could reconvene once both Supreme Courts have spoken and would likely have their answer for this case.

## CONCLUSION AND RELIEF SOUGHT

For the reasons stated above and in State Defendants' motion to certify and the brief in support, State Defendants respectfully request that this Court deny

---

[2] As a result of the coronavirus outbreak, the United States Supreme Court adjourned all oral arguments scheduled in March, the Supreme Court Building is closed until further notice, and it is unclear when oral arguments or other court activities will restart. These coronavirus related restrictions will likely delay a decision in *Fulton*. Moreover, the parties in *Fulton* already requested, and were granted, an extension of the briefing schedule, further prolonging the proceeding. *See* U.S. Sup. Ct. Dkt. 19-123, entries dated Mach 17, 2020 (motion for extension of time to file the briefs on the merits) and dated March 23, 2020 (order granting motion).

Plaintiff's request to stay this matter pending the United States Supreme Court's decision in *Fulton* and, instead, certify to the Michigan Supreme Court the proper interpretation of 2015 PA 53, codified as Mich. Comp. Laws § 722.124e and § 722.124f.

        Respectfully submitted,

        Dana Nessel
        Attorney General

        */s/Neil Giovanatti*
        Neil Giovanatti (P82305)
        Assistant Attorney General
        Attorney for State Defendants
        P. O. Box 30758
        Lansing, Michigan 48909
        (517) 335-7603
        giovanattin@michigan.gov

Dated: April 2, 2020

### CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.3(B)(I)

I certify that the above brief is 1374 words in length including all headings, footnotes, citations, and quotations. This brief was created using Microsoft Word.

*/s/ Neil Giovanatti*
Neil Giovanatti (P82305)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for State Defendants

### **CERTIFICATE OF SERVICE**

I hereby certify that, on **April 2, 2020**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such to all represented parties, including Plaintiff's counsel.

*/s/ Neil Giovanatti*
Neil Giovanatti (P82305)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for State Defendants