UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. VINCENT CATHOLIC CHARITIES,

    Plaintiff,

v.

ROBERT GORDON, *et al.*,

    Defendants.
_____/

CASE NO. 1:19-CV-286

HON. ROBERT J. JONKER

## ORDER

In this lawsuit, St. Vincent Catholic Charities ("St. Vincent"), a non-profit, faith-based organization based in Lansing, Michigan, brings a series of federal constitutional and statutory claims against several state and federal defendants regarding St. Vincent's provision of adoption and foster services in Michigan under contracts with the State.[1] On September 26, 2019, the Court granted preliminary injunctive relief to St. Vincent, ordering the State Defendants not to "terminate or suspend performance of their contracts with St. Vincent Catholic Charities, decline to renew those contracts, or take any other adverse action against St. Vincent Catholic Charities based on St. Vincent's protected religious exercise…." (ECF No. 70, PageID.2531.) The State Defendants unsuccessfully sought a stay in the Court of Appeals. *Buck v. Gordon*, No. 19-2185 (6th Cir. Nov. 19, 2019), ECF No. 29-2. The State Defendants also filed an interlocutory appeal of the Court's decision, but they elected to withdraw the appeal before briefing. *Buck*, No. 19-2185 (6th Cir. Feb. 27, 2020), ECF No. 40-2. The matter is now before the Court on the State Defendants'

---

[1] A detailed description of the background of the case appears in the Court's Opinion dated September 26, 2019. (ECF No. 70).

Motion for Order for Certification (ECF No. 87) of a question of State law to the Michigan Supreme Court; and on St. Vincent's Motion to Stay (ECF No. 96) in light of the Supreme Court's grant of certiorari in *Fulton*.[2]

### 1. MOTION TO STAY

Plaintiff moves to stay the case based on the recent grant of certiorari in *Fulton*. The petition for certiorari in *Fulton* summarizes the questions presented as:

> 1. Whether free exercise plaintiffs can only succeed by proving a particular type of discrimination claim…?
> 2. Whether *Employment Division v. Smith* should be revisited?
> 3. Whether a government violates the First Amendment by conditioning a religious agency's ability to participate in the foster care system on taking actions and making statements that directly contradict the agency's religious beliefs?

(No. 19-123, U.S. filed July 22, 2019). Both sides and the Court addressed the Third Circuit's decision in *Fulton* in the preliminary injunction stage of this case. In fact, the State Defendants relied on *Fulton* throughout their preliminary injunction brief. (ECF No. 34, PageID.912 (citing *Fulton* "*passim*")). The State Defendants stated that *Fulton* and this case involved "nearly identical claims." (*Id.*, PageID.918).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants*." Landis v. North American Company*, 299 U.S. 248, 254-55 (1936). Accordingly, the Court has discretion in deciding a motion to stay. *Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay must demonstrate that there is a "pressing need" for the stay and that a stay would harm neither the other party nor the public. *Id.* In determining the propriety of a stay, courts

---

[2] *Fulton v. City of Philadelphia*, 922 F.3d 140 (3d Cir. 2019), *cert. granted*, -- S.Ct. --, 2020 WL 871694 (Mem), 20 Cal. Daily Op. Serv. 1378 (Feb. 24, 2020).

routinely consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and … a trial date has been set." *Magna Donnelly Corp. v. Pilkington North Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citations omitted).

The Court finds it appropriate to stay this case pending a decision in *Fulton*. *Fulton* is likely to illuminate and shape the legal standards controlling this case and may be outcome-determinative here. A stay would harm neither Defendants nor the public. A preliminary injunction preserving the status quo remains in full force. The same public policy factors favoring the preliminary injunction apply equally to a stay. A stay would further judicial economy, avoiding a potential need to revisit a merits decision in this case should *Fulton* alter the governing legal standards. A decision in *Fulton* is likely to simplify issues in question by clarifying applicable legal standards. The case is at an early stage, and discovery has not yet begun. For all these reasons, the Court finds a stay proper.

**2.    MOTION FOR ORDER FOR CERTIFICATION**

The State Defendants ask this Court to certify to the Michigan Supreme Court a question of interpretation of 2015 Public Act 53, codified as MICH. COMP. L. § 722.124e and § 722.124f (the "2015 Michigan Law"). (ECF No. 87.) They assert that the Court should certify:

> Whether the 2015 Michigan law authorizes a child placing agency (CPA) under contract with the state to provide foster care case management or adoption services, to refuse to provide state-supervised children with contracted services that conflict with the CPA's sincerely held religious beliefs.

(ECF No. 88, PageID.2804.)

The Court has discretion regarding whether to certify a question of law. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Certification is "most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (citations omitted). "Where certification is available, it is not a device to be used indiscriminately." 17A Wright, Miller, Cooper & Amar, *Federal Practice and Procedure*, § 4248 (3d ed. 2007). Courts in the Sixth Circuit "generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citation and internal quotation marks omitted). Under LCivR 83.1, an "order of certification shall be accompanied by written findings that (a) the issue certified is an unsettled issue of state law; (b) the issue certified will likely affect the outcome of the federal suit; and (c) certification of the issue will not cause undue delay or prejudice.

The standard for certification is not met here. St. Vincent brings only federal claims under the U.S. Constitution and the RFRA. There is no state law claim, as the State itself acknowledges, and state law does not govern this action. The 2015 Michigan Law is a relevant consideration, to be sure, as outlined in the Court's Opinion and Order on the motion for preliminary injunction. But there is no basis for a finding that "the issue certified will likely affect the outcome of the federal suit." LCivR 83.1. The state law does not provide the applicable legal standard and does not control the federal outcome. In contrast, the Supreme Court's decision in *Fulton* will provide significant guidance, if not a controlling rule of federal law. Under these circumstances, the Court finds certification unwarranted.[3]

---

[3] To the extent certification for interpretation of the 2015 Michigan Law may be proper, a pending case in the Eastern District of Michigan, *Catholic Charities v. Michigan Department of Health and Human Service*, No. 2:19-cv-11661 (E.D. Mich., June 5, 2019), appears to be a more appropriate vehicle. The case originated in the Michigan Court of Claims and raised claims under the 2015 Michigan Law. The State Defendants removed the case. A federal court does

**ACCORDINGLY, IT IS ORDERED**:

1. Plaintiff's Motion to Stay (ECF No. 96) is **GRANTED**. This case is **STAYED** until further order of the Court. After the Supreme Court issues its decision in *Fulton*, the Court will schedule a status conference to address the progression of this case.

2. The State Defendants' Motion for Order for Certification (ECF No. 87) is **DENIED**.

Dated:   May 5, 2020                              /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

not ordinarily have the power to tell a State defendant to comply with its own law, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984), though the State Defendants' decision to remove may permit the court to do so notwithstanding *Pennhurst*. Regardless, the parties and the Court may wish to have the Michigan Supreme Court's answer to certified questions regarding the 2015 Michigan Law in a case that expressly raises claims under the state law.