UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK; CHAD BUCK;
SHAMBER FLORE; ST. VINCENT
CATHOLIC CHARITIES,

    Plaintiffs,

v.

ELIZABETH HERTEL, in her official capacity
as the Director of the Michigan Department of
Health and Human Services; DEMETRIUS
STARLING, in his official capacity as the
Executive Director of the Michigan Children's
Services Agency; DANA NESSEL, in her
official capacity as Michigan Attorney General;
XAVIER BECERRA, in his official capacity as
Secretary of Health and Human Services;
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendants.

No. 1:19-cv-00286

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**STIPULATED ORDER AND
JUDGMENT RESOLVING
ALL CLAIMS AGAINST
STATE DEFENDANTS**

Lori H. Windham
Mark Rienzi
Nicholas Reaves
William Haun
Attorney for Plaintiffs
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Ste. 700
Washington, DC 20036
(202) 955-0095

Benjamin Takemoto
Attorney for Federal Defendants
U.S. Department of Justice
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
(202) 532-4252

Toni L. Harris (P63111)
Cassandra Drysdale-Crown
(P64108)
Neil Giovanatti (P82305)
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603

1

# STIPULATED ORDER AND JUDGMENT RESOLVING CASE ALL CLAIMS AGAINST STATE DEFENDANTS

## Definitions

Agreement: This stipulation and proposed order.

Claims: All claims against State Defendants arising under the allegations in this Litigation.

Contracts: The Placement Agency Foster Care Services contract and the Adoption Services contract between MDHHS and St. Vincent, including both the current contracts and similar future contracts.

CPA license: St. Vincent Catholic Charites' license to operate as a child placement agency in Michigan.

The Litigation: The above-captioned case.

MDHHS: The Michigan Department of Health and Human Services; Elizabeth Hertel, in her official capacity as the Director of the Michigan Department of Health and Human Services; and Demetrius Starling, in his official capacity as the Executive Director of the Michigan Children's Services Agency, together with their agents, successors, assigns, and those working in concert with them.

Parties: Plaintiffs and State Defendants.

Plaintiffs: All current and former plaintiffs in the litigation, including Chad and Melissa Buck, Shamber Flore, and St. Vincent Catholic Charities.

St. Vincent or SVCC: Plaintiff St. Vincent Catholic Charities of Lansing, MI.

State Defendants: Elizabeth Hertel, in her official capacity as the Director of the Michigan Department of Health and Human Services; Demetrius Starling, in his official capacity as the Executive Director of the Michigan Children's Services Agency; and Dana Nessel, in her official capacity as Attorney General of Michigan.[1]

United States Defendants: Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services, and the United States Department of Health and Human Services.

## Statement of the Parties

The Parties hereby submit the Agreement below to resolve all Claims according to the terms stated herein. The United States Defendants are not parties to this Agreement.

St. Vincent is currently licensed as a child placement agency and holds a Placement Agency Foster Care Services contract and an Adoption Services contract with MDHHS.

On April 15, 2019, Plaintiff filed a complaint asserting claims against State Defendants and United States Defendants. (See ECF No. 1.).

The Parties wish to resolve all Claims, and the Parties agree that they are entering into the Agreement for that purpose only. State Defendants do not admit the facts alleged in the Complaint or liability on any claim, except as set forth in the following paragraph.

---

[1] Pursuant to Fed. R. Civ. Proc. 25(d), the current public officers sued in their official capacities are automatically substituted as parties.

In the Contracts, MDHHS maintains discretion to approve SVCC's request to return the referral of a foster child previously placed with SVCC. MDHHS chooses to exercise this discretion based on its consideration of the best interests of the child. Because MDHHS exercises this discretion, and as a result of the Supreme Court's decision in *Fulton v. City of Philadelphia*, 593 U.S. ___ (2021), the Parties agree that SVCC would likely prevail on Count III (Individualized Exemptions) of the Complaint. On this basis alone, State Defendants agree to the entry of a judgment on Count III against MDHHS.

## Terms of the Agreement and Order

NOW, THEREFORE, in the interest of resolving the Litigation, Plaintiffs and MDHHS hereby STIPULATE AND AGREE as follows:

1. **MDHHS Obligations**.

    a. MDHHS shall not take any action against St. Vincent's CPA license or terminate or not renew the Contracts because St. Vincent does not:

        i. certify or approve a same-sex or unmarried couple as a foster parent or adoptive parent, or

        ii. conduct a home evaluation for a same-sex or unmarried couple, or

        iii. place a foster child with a same-sex or unmarried couple for foster care or adoption.

2. **Plaintiffs' Obligations.**

    a. Except for Count III, Plaintiffs agree to voluntarily dismiss all Claims against State Defendants with prejudice.

3. **Enforcement**.

    a. In the event any Party asserts that another Party is not in compliance with one or more of its obligations in this Agreement, the Parties shall address such alleged breach in good faith and act promptly in an attempt to resolve it.  The asserting Party shall provide the other Party with written notice of such assertion and a forty-five (45) day opportunity to cure such noncompliance prior to taking legal action.  Notice shall be made via email and via certified mail, return receipt requested as follows:

        St. Vincent Catholic Charities
        Chief Executive Officer
        2800 W Willow St.
        Lansing, MI 48917
        seykaa@stvcc.org

        Michigan Department of Health and Human Services
        State of Michigan
        Director, Bureau of Legal Affairs
        333 South Grand Avenue
        Lansing, MI 48909
        MDHHS-CSLD@michigan.gov

    b. Notwithstanding any terms to the contrary herein, specific performance shall be the sole and exclusive remedy available to each Party asserting any claim related to a Party's failure to meet its obligation under this Agreement.  Each Party asserting any claim arising from the other's

5

obligations under this Agreement waives all rights to recover any damages, loss, attorney fees, costs or any other expenses arising out of asserting such claims.

c. The Parties also agree that, regardless of the failure of the sole and exclusive remedy, the Parties will not be liable to each other for any incidental or consequential damages of whatsoever kind or nature related to any claim of breach of the Parties' obligations under this Agreement. The Parties intend the exclusion of incidental and consequential damages as an independent agreement apart from the sole and exclusive remedy herein.

d. If the United States Defendants (i) withdraws the Notification of Nonenforcement of Health and Human Services Grants Regulation, 84 Fed. Reg. 63,809 (Nov. 19, 2019) or (ii) issues a new rule that conflicts with MDHHS's obligations under this Agreement, MDHHS will notify the Court and Plaintiffs, under Section 3.a. Upon such notice, the Parties will promptly meet and confer to determine what actions, if any, are needed to ensure compliance with federal law and that MDHHS will remain fully eligible for Title IV-e funding. Within fourteen (14) days of the meet and confer, the Parties will file a joint status report with the Court with their respective positions. The Parties further agree that MDHHS's ability to retain full eligibility for Title IV-e funding is necessary for the

      continuation of a functional and child-centered foster care system in Michigan.

  e. This Court retains jurisdiction to enforce this Agreement.

4. **Attorney fees and costs**.

  a. MDHHS will pay St. Vincent five hundred and fifty thousand dollars and zero cents ($550,000.00) within sixty (60) days of the entry date of this Agreement in full satisfaction of all claims for attorney fees and costs in the Litigation by the Plaintiffs. Payment shall be submitted to the Becket Fund for Religious Liberty for the benefit of Plaintiffs.

  b. If Plaintiffs' counsel has not already done so, they agree to register with the State of Michigan's SIGMA Vendor Self Service System to electronically receive the attorney fees and costs proceedings described in Section 4.a. If needed, instructions will be sent to Plaintiffs' counsel to register for this system.

  c. St. Vincent agrees that it is solely responsible for its portion of any and all federal, state, or local taxes that are due as a result of payment made under this Agreement. St. Vincent further acknowledges and agrees to indemnify and hold harmless MDHHS in the event that any federal, state, or local taxing authority asserts any claim for liability based upon payment of these sums to St. Vincent, including but not limited to: unpaid taxes, failure to withhold taxes, penalties, interest or other sums that may become due to any taxing authority. MDHHS makes no representations

7

or warranties about the tax consequences of any monies paid pursuant to this Agreement.

5. **Additional Terms**.

    a. The Parties agree that this agreement resolves all claims between them.

    b. The Parties agree that they shall not appeal from any ruling that adopts this Agreement.  The Parties further agree that the relief granted herein is fair and equitable.  However, notwithstanding the above, the Parties reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.  Subject to Section 3 herein, the Parties reserve their rights to seek judicial relief for a breach of this Agreement.

    c. The Parties acknowledge, understand, and agree that they are entering into this Agreement knowingly, voluntarily, and of their own free will and volition, without coercion or undue influence

    d. Each Party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised itself of sufficient information to intelligently decide whether to execute this Agreement; the decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this Agreement and each of its terms; each fully and unconditionally consents to the terms of this Agreement; each has had the benefit and advice of counsel; each has executed this Agreement freely,

8

voluntarily, with knowledge, and without duress; neither has relied upon any other representations, written or oral, express or implied, made by any person; the consideration received has been actual and adequate; and each is duly authorized to execute this Agreement in the individual or representative capacity set forth below.

e. The Parties' Agreement is the entire integrated agreement between the Parties, and any and all prior discussions, understandings, and agreements between the Parties with respect to the subject matter hereof are merged into this Agreement, which alone fully and completely expresses the Parties' Agreement. No amendments, waivers, or termination can be made except in a writing signed by each of the Parties and adopted and entered by the Court.

f. This Agreement is binding upon and inures to the benefit of the Parties and their respective successors and permitted assigns. No Party may assign any rights or obligations in the Agreement without the prior written consent of each other Party hereto. Nothing in the Parties' Agreement is expressly or impliedly intended to confer any rights upon any person or entity other the Parties hereto.

g. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of the Parties' Agreement and do hereby agree to the terms herein.

    h. The terms of the Parties' Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

## ORDER

Upon reviewing the Parties' Agreement above, the Court orders as follows:

The terms and conditions of the Parties' Agreement above are hereby APPROVED and ADOPTED as an enforceable ORDER of this Court;

JUDGMENT is entered on Count III against MDHHS;

The Court retains jurisdiction to enforce the terms of the so-ordered Agreement; and,

Counts I-II and IV-VII of the Complaint against State Defendants are DISMISSED with prejudice.

The claims against the Federal Defendants are not subject to this order.

SO ORDERED.


Dated: _____, 2022    _____
                                                                           Robert Jonker
                                                                           United States District Court Judge

As evidenced by the Parties' signatures below, it is STIPULATED and AGREED:

For Plaintiffs:

Date: January 25, 2022

*/s/ Lori Windham*
Lori Windham
Attorney for Plaintiffs

_____
Andrea E. Seyka
Chief Executive Officer
St. Vincent Catholic Charities

Dated: January 25, 2022

_____
Chad Buck

Dated: January 25, 2022

_____
Melissa Buck

Dated: January 25, 2022

_____
Shamber Flore

Dated: January 25, 2022

11

For MDHHS:

Date:  January 25, 2022          */s/ Toni Harris*
                                      Toni Harris
                                      Attorney for MDHHS

_____          Dated: January 21, 2022
Elizabeth Hertel
Director
Michigan Department of Health and Human Services


_____          Dated: January 11, 2022
Demetrius Starling
Executive Director
Michigan Children's Services Agency

12