UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BUCK, et al.,

        Plaintiffs,

v.

ROBERT GORDON, et al.,

        Defendants.

_____/

CASE NO. 1:19-CV-286

HON. ROBERT J. JONKER

## JOINT STATUS REPORT AND PROPOSED CASE MANAGEMENT ORDER

### I. Status Report

Plaintiffs and Federal Defendants submit the following status report. All claims against the Michigan Defendants have been resolved, so they are not participating in this report. The putative intervenors have withdrawn their motion to intervene, so are not included in this report.

**A. Status of the claim against Federal Defendants.**

The Complaint asserted claims against the federal defendants, and this Court has preliminarily enjoined Federal Defendants from "tak[ing] any enforcement action against the State under 45 C.F.R. § 75.300(c) based upon St. Vincent's protected religious exercise." That injunction remains in place, and those claims are unresolved. During the pendency of this litigation, Federal Defendants also promulgated a new regulation which would clarify that "(c) It is a public policy requirement of HHS that no person otherwise eligible will be excluded from participation in, denied the benefits of, or subjected to discrimination in the administration of HHS programs and services, to the extent doing so is prohibited by federal statute," and that "(d) HHS will follow all applicable Supreme Court decisions in administering its award programs." Health and Human Services Grants Regulation, 86 Fed. Reg. § 2257-01. The effective date of that regulation has been postponed several times, and the latest extension would put the regulation into effect June 1.

On November 19, 2019, HHS issued a Notification of Nonenforcement, which provides that § 75.300(c) and (d) "will not be enforced pending a repromulgation." 84 Fed. Reg. 63,809 (Nov. 19, 2019). In addition, the Federal Defendants issued a waiver

stating that "OCR has analyzed the plaintiffs' complaint under RFRA. Based on that analysis, OCR has concluded that HHS cannot enforce the sexual-orientation or gender-identity nondiscrimination requirements of Section 75.300(c) against Michigan with respect to St. Vincent's or other similarly situated entities."[1] Federal Defendants later rescinded that waiver, stating "HHS will not condone the blanket use of religious exemptions against any person or blank checks to allow discrimination against any persons, importantly including LGBTQ+ persons in taxpayer-funded programs."[2]

**Plaintiffs' position:**

Plaintiffs and Federal Defendants have engaged in preliminary discussions but have not reached an agreement.

The claims against Federal Defendants are limited to legal questions regarding the interaction between the Free Exercise Clause, the Religious Freedom Restoration Act, and the regulations found in 45 C.F.R. § 75.300, as well as the application of *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021). For this reason, Plaintiffs do not believe that it is necessary to take discovery beyond the administrative record.

Plaintiffs propose a briefing schedule which would allow for the disclosure of the administrative record and summary judgment briefing by the parties.

**Federal Defendants' position:**

Federal Defendants believe that the Court should not lift the stay that is currently in effect, ECF No. 98, until HHS completes repromulgation of § 75.300(c) and (d). While HHS repromulgates that regulation, Plaintiffs are triply insulated from any potential injury: (1) the Court has preliminarily enjoined Federal Defendants from "tak[ing] any enforcement action against the State under 45 C.F.R. § 75.300(c) based upon St. Vincent's protected religious exercise"; (2) HHS has issued a Notification of Nonenforcement, which provides that the regulation challenged here (i.e., that "promulgated through the December 12, 2016 final rules, 81 Fed. Reg. 89393, namely, the additions of . . . 75.300(c) and (d)") "will not be enforced pending repromulgation," Notification of Nonenforcement of Health and Human Services Grant Regulation, 84 Fed. Reg. 63,809, 63,811 (Nov. 19, 2019); and (3) Michigan has agreed not to take action against Plaintiffs while the Notification of Nonenforcement is in effect, ECF No. 113. Furthermore, once the agency repromulgates § 75.300(c) and (d), Plaintiffs' alleged injury may become moot depending on the contents of the new rule. With the fate of § 75.300(c) and (d) still to be determined and with no threat of injury to Plaintiffs in the meantime, it would be a waste of judicial and party resources to litigate jurisdictional and merits arguments and prepare an

---

[1] Letter from Roger Severino, Director, Office of Civil Rights, U.S. Dep't of Health & Human Servs., to Robert Gordon, Director, Mich. Dep't of Health and Human Servs. (Nov. 6, 2020).

[2] Press Release, U.S. Dep't of Health & Human Sevs., HHS Takes Action to Prevent Discrimination and Strengthen Civil Rights (Nov. 18, 2021), https://www.hhs.gov/about/news/2021/11/18/hhs-takes-action-to-prevent-discrimination-and-strengthen-civil-rights.html.

administrative record at this time.

If the Court nonetheless lifts the stay, Federal Defendants believe that their jurisdictional objections should be resolved before cross-motions for summary judgment. Since the Court denied Federal Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 70, HHS has issued the aforementioned Notification of Nonenforcement, which expressly precludes any threat of enforcement against Plaintiffs pending repromulgation. The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). In light of the Notification of Nonenforcement, there are serious questions about the Court's jurisdiction to hear this case. However, under Plaintiff's proposed schedule, the parties would proceed with briefing the merits and producing an administrative record before the Court assures itself of jurisdiction. It would be a potential waste of the parties' resources to proceed with summary judgment briefing before the Court resolves this jurisdictional question. For this reason, Rule 56 of the Federal Rules of Civil Procedure discourages briefing summary judgment before the district court resolves threshold issues: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

If the Court determines that it has jurisdiction after considering briefing from the parties on this issue, Federal Defendants agree that summary judgment is the appropriate vehicle to address the merits, as is customary in record review cases such as this. And, because discovery is not permitted in record review cases, *see S. Forest Watch, Inc. v. Jewell*, 817 F.3d 965, 977 (6th Cir. 2016), Federal Defendants also agree that discovery would be inappropriate.

### B. Status of Individual Plaintiffs and Putative Intervenors

This Court also ordered the parties to address the impact of the Sixth Circuit's ruling on permissive intervention, both upon putative intervenors and on the individual Plaintiffs who were dismissed from this case.

Individual Plaintiffs do not seek reconsideration of the order dismissing them from the case. They have settled their claims against the State of Michigan and do not seek to re-assert their claims against Federal Defendants. They may at some point seek to proceed as amicus curiae.

Putative intervenors have withdrawn their motion to intervene. *See* Doc. 115.

### C. Case Management Plan

The parties propose the following case management plan.

**IT IS HEREBY ORDERED**:

1. <u>Rule 16 Scheduling Conference</u>: A scheduling conference under Fed. R. Civ. P. 16 is scheduled for _____.

2. <u>Matters to be Considered at the Scheduling Conference</u>: This Court's orders of June 21, 2021 and April 12, 2022 asked the parties to address (1) "the terms of intervention for the Dumonts"; (2) "whether the reasoning of the Court of Appeals should lead the Court to reconsider its earlier decision dismissing plaintiffs Melissa Buck, Chad Buck, and Shamber Flore"; (3) and "identifying what, if any, issues remain open, and proposing a Case Management Order that moves the case forward toward orderly adjudication of such issues." The parties believe that (1) and (2) are now resolved, and propose a case management order with regard to (3).

3. <u>Presumptive Disclosures and Discovery Limitations</u>:
The parties agree that discovery is unnecessary, and they do not plan to call expert witnesses. There is thus no need to exchange initial disclosures, interrogatories, requests for admissions, or depositions.
The Plaintiffs believe that this case can be resolved at summary judgment on the administrative record, together with the Court's earlier order and Michigan's admissions, is sufficient for their claims.

4. <u>Meeting of Parties and Preparation of Joint Status Report</u>: The parties have already conducted a conference and submit the following joint status report.

(1) <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

**Plaintiffs**: This action arises under the Constitution and laws of the United States. According to Plaintiffs, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1361.

**Federal Defendants**: Since the Court denied Federal Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 70, HHS has issued the aforementioned Notification of Nonenforcement, which expressly precludes any threat of enforcement of the challenged regulation against Plaintiffs pending repromulgation. In light of the

    Notification of Nonenforcement, the Court lacks jurisdiction to hear this case.

(2) <u>Jury or Non-Jury</u>:

  Plaintiffs: No jury trial is necessary; this case can be resolved on summary judgment. Should the Court deem a trial to be necessary, the case should be tried by the Court.

  Federal Defendants: Because this is a record review case, it should be resolved at summary judgment. *See Sierra Club v. Slater*, 120 F.3d 623, 632 (6th Cir. 1997) (discussing "review of the district court's summary judgment decision"); *Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014) ("Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record."). There should be no trial, jury or otherwise.

(3) <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment. [**Note to Counsel:** If the parties' consent to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c), and so state in the Joint Status Report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (c).]

(4) <u>Statement of the Case</u>:

  This case involves claims brought by St. Vincent Catholic Charities and the individual plaintiffs alleging that the State of Michigan's foster care placement policy violates Plaintiffs' First Amendment rights under the Free Exercise, Establishment, and Free Speech Clauses, as well as the Fourteenth Amendment's Equal Protection Clause. Plaintiffs also brought constitutional and statutory claims against the Federal Defendants, claiming that it would violate the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, for the Federal Defendants to penalize the state of Michigan under 45

      C.F.R. § 75.300 for accommodating St. Vincent's religious exercise.

      On Jan. 26, 2022, the Plaintiffs and State Defendants entered into a settlement that was entered as an Order of this Court. That agreement granted judgment against State Defendants on Count III. State Defendants acknowledged that *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), was binding and required judgment for Plaintiffs on Count III. This Court has ordered the State of Michigan to accommodate St. Vincent's religious exercise as described in the terms of the Order. Doc. 11, PageID.3124.

      Plaintiffs' claim that the Free Exercise Clause and RFRA prohibit the Federal Defendants from penalizing Michigan under 45 C.F.R. § 75.300 for accommodating St. Vincent's religious exercise remain pending. Plaintiffs seek a determination that the federal government cannot take such action and appropriate relief against Federal Defendants.

(5) <u>Joinder of Parties and Amendment of Pleadings</u>:

The parties agree that the time to join additional parties under FRCP 19 or 20 or to otherwise amend the pleadings has passed.

(6) <u>Disclosures and Exchanges</u>:

(i) Fed.R.Civ.P. 26(a)(1) disclosures:

As stated above, the parties agree that initial disclosures are unnecessary.

(ii) Fed.R.Civ. P. 26(a)(2) disclosures:

The parties agree that expert testimony is not necessary for this case.

(iii) Fed.R.Civ.P. 26(a)(3)(i)-(ii) disclosures:

Plaintiffs: Should this Court conclude that trial is necessary, thirty days prior to trial.

    Federal Defendants: Because record review cases are resolved through cross-motions for summary judgment, and there is thus no trial, pretrial disclosures are inappropriate.

(iv) The parties have agreed to make available the following documents without the need of a formal request for production:

    If the Court orders briefing on jurisdictional issues first, Federal Defendants propose to provide the administrative record to Plaintiffs within 30 days following any order denying Federal Defendants' motion to dismiss. And, if the Court orders summary judgment briefing, Federal Defendants propose to provide the administrative record to Plaintiffs within 30 days of the entry of the case management order. The parties agree that Plaintiffs need not produce any additional documents.

(v)
(vi) Initial Disclosure of potential lay witnesses:

    Plaintiffs: If necessary, 30 days prior to trial.

    Federal Defendants: Because this is "an action for review on an administrative record," this proceeding is exempt from initial disclosure. Fed. R. Civ. P. 26(a)(1)(B)(i).

(7) Discovery:

    The parties agree that discovery is unnecessary.

(8) Motions: The parties propose that all dispositive motions be filed by _the dates noted below_. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    Dispositive Motions:

    Plaintiffs:

    Plaintiffs propose that dispositive motions be filed by

August 1, 2022, or four weeks after the production of the administrative record, whichever is later.

Plaintiffs propose that dispositive motions briefing proceed on the normal schedule in L. Civ. R. 7.2(c). Federal Defendants may make jurisdictional arguments as part of the ordinary dispositive motions briefing.

Plaintiffs dispute that initial briefing on subject matter jurisdiction would be necessary or helpful. Defendants' arguments rest on a rulemaking process that has been ongoing for more than two years and has been delayed at least six times at Defendants' request. See *Facing Foster Care in Alaska v. HHS*, No. 1:21-cv-308 (D.D.C.), ECF No. 17 (stipulated motion to delay effective date of final rule), ECF No. 23 (granting stipulated order for further abeyance), Nov. 3, 2021 minute order (same), ECF No. 30 (same), ECF No. 36 (same), ECF No. 38 (same). Defendants could have sought to file a motion at any time during that process, but have not done so. Defendants may raise jurisdictional arguments and file any dispositive motions with the court they deem necessary, but the resolution of Plaintiffs' claims should not be further delayed.

Federal Defendants:

If the Court lifts the stay, Federal Defendants propose that they be permitted to file a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(c) by August 1, 2022, with motions for summary judgment to follow at a later date, after the court resolves the jurisdictional dispute. Since the Court denied Federal Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 70, HHS has issued the aforementioned Notification of Nonenforcement, which expressly precludes any threat of enforcement against Plaintiffs pending repromulgation. In light of the Notification of Nonenforcement, the Court lacks jurisdiction to hear this case.

If the Court does not permit Defendants to brief jurisdiction first, Defendants propose staggered cross-motions for summary judgment as follows. This proposal will conserve the parties' and the Court's resources, as it will result in 4 briefs instead of 6 under Plaintiffs' proposal and it will allow the parties to address each other's

arguments instead of talking past one another in simultaneous briefs.

- Plaintiffs' Motion for Summary Judgment is due on August 5, 2022.
- Defendants' Consolidated Response and Cross-Motion for Summary Judgment is due on September 2, 2022.
- Plaintiffs' Consolidated Reply and Response is due on September 23, 2022.
- Defendants' Reply is due on October 14, 2022.

Alternative Dispute Resolution: The parties do not believe ADR will be a valuable use of time in this case.

Length of Trial:

(9) Plaintiffs: One day for Plaintiffs' case and one day for Federal Defendants' case.

5.

Federal Defendants: Federal Defendants do not believe that a trial would be appropriate in a record review case such as this.

(1) Prospects of Settlement: The parties have explored settlement, but have not reached a resolution at this time. The parties will update the court should they decide that further negotiations would be fruitful.

(2) Electronic Document Filing System: All counsel participate in electronic filing.

(3) Other:

The joint status report is approved by counsel of record for the remaining parties.

6. Order of Referral: A United States Magistrate Judge may be designated to assist in the processing of this case, and is invested by the powers conferred under 28 U.S.C. § 636(b)(1)(A).

7. Case Manager: Any question concerning this Order or the scheduling conference should be directed to Susan Driscoll Bourque, Case Manager, at (616) 456-2327.

Dated: May 6, 2022

/s/ *Lori H. Windham*
Lori H. Windham
Attorney for Plaintiffs
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW,
Ste. 700
Washington, DC 20036
(202) 955-0095
lwindham@becketlaw.org

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*